*In re* PETITION OF CONSUMERS POWER COMPANY.

APPEAL OF REEVES.

APPEAL OF VALASEK.

APPEAL OF STANGE.

1. COSTS—PROBATE COURT—CIRCUIT COURT—TAXABLE COSTS—ATTORNEY FEES.

The statute pertaining to costs in contested cases before the probate court, or on appeal therefrom in the circuit court, authorizes payment of taxable costs only, not attorney fees (CL 1948, § 701.51).

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 50 Am Jur, Statutes §§ 402, 434.
[3] 18 Am Jur, Eminent Domain §§ 378, 379.

2. STATUTES—CONSTRUCTION OF EXCEPTION.
   Exceptions to a general rule of law prescribed by statute, whereby an additional liability may be imposed, is subject to a strict interpretation and may not be extended solely on the basis of inference.

3. EMINENT DOMAIN — JUST COMPENSATION — ATTORNEY FEES — JURORS' FEES—MILEAGE.
   "Just compensation" for land taken in eminent domain proceedings does not include, in the absence of express statutory provision therefor, the payment of attorney fees, jurors' fees and mileage (CL 1948, § 486.251 *et seq.*).

Appeal from Lenawee; Rathbun (George A.), J. Submitted October 15, 1952. (Docket No. 81, Calendar No. 45,551.) Decided January 5, 1953.

In the matter of petition of Consumers Power Company for condemnation of certain lands in Lenawee county. Award of commissioners confirmed. Stephen Reeves and wife, Joseph Valasek and others and Bruno Stange appealed to circuit court. Verdict and judgment finding necessity and fixing compensation. Petitioner appeals from order setting attorneys' fees as costs. Reversed and remanded to set aside orders for attorneys' fees.

*Clarke W. Baldwin* and *S. H. Redner*, for petitioner.

*Lawrence J. Hammond*, for defendants Reeves and Valasek.

*John R. Zeigler*, for defendant Stange.

CARR, J. In March, 1951, Consumers Power Company instituted proceedings in the probate court of Lenawee county to obtain a right-of-way across 3 farms in said county for the erection and operation of lines for the transmission and distribution

of electric energy for public use. The action was brought under the provisions of PA 1923, No 238, as amended by PA 1947, No 356 (CL 1948, § 486.251 *et seq.* [Stat Ann 1951 Cum Supp § 22.1671 *et seq.*]). The judge of probate having disqualified himself, the circuit judge of the county acted in his place.

Pursuant to the statute 3 commissioners were duly appointed to determine the necessity for the proposed right-of-way and to award just compensation and damages therefor if necessity was found to exist. The issue of necessity was determined in favor of the petitioner and the awards fixed the amounts to be paid to the owners of the farms in question. The findings permitted Consumers Power Company to erect 2 transmission lines 75 feet apart, with the right to trim and remove trees which might interfere therewith to a distance of 75 feet on either side. Other than for land occupied by structures, the farm owners retained full rights to use the land within the right-of-way limits for general farming purposes.

The report of the commissioners was confirmed, whereupon the petitioner deposited in court the amount of the awards. It was also ordered that petitioner pay the sum of $525 to the attorney for the land owners, together with their witness fees in the amount of $92. Said sums were paid. The owners of the farms severally appealed to the circuit court from the order of confirmation. Said appeals were consolidated and trial was had before a jury. In the course of the proceedings in circuit court Consumers Power Company waived tree clearance privileges. To what extent such waiver affected the value of the right-of-way, if at all, does not appear. On March 28, 1952, the jury returned a finding in favor of necessity and specified awards for compensation and damages to the owners of the farms. The amounts of 2 awards were less than as

fixed by the commissioners in probate court, and the third award was greater, the aggregate change being an increase of approximately $220.

The trial judge, on his own motion, entered an order directing Consumers Power Company to pay jurors' fees and mileage in the sum of $739.86. He also entered orders, at the request of counsel representing the land owners, that the company pay to the attorney representing one of such owners in the circuit court proceedings a fee in the sum of $800 and to the attorney representing the other land owners the sum of $850, together with $75 for witness fees. From these orders Consumers Power Company, on leave granted, has appealed to this Court claiming that the circuit judge was without authority to require such payments. A further question relating to the procedure on the appeals of the land owners has been withdrawn. The sole issue for consideration here is, in consequence, whether the orders for the payment of attorney fees and jurors' fees and mileage were authorized by the provisions of the statute under which the action was brought.

Section 2g of the statute, as amended by PA 1947, No 356, (CL 1948, § 486.252g [Stat Ann 1951 Cum Supp § 22.1672(7)]) reads as follows:

"The persons owning and interested in said land, according to the report and finding aforesaid, shall be entitled, upon applying to the court, to be paid the amount or sum to which they are respectively entitled, according to such report or findings. For the sum received they shall respectively give the clerk or register of the court their receipt in writing. In case the petitioner does not, within the time so prescribed, deposit in court the amount of compensation and damages awarded, the court shall order the proceedings dismissed, and that the peti-

tioner take nothing thereby. *The expense of the proceeding shall be paid by the petitioner and as a part thereof the court shall allow such fees and compensation as seem just and reasonable.* Any final determination or order authorized or required by this act, or the record thereof, or a certified copy of any such final determination or order shall be prima facie evidence of the facts recited therein and of the title to the property and interests therein described and of the right to take the same for the purposes therein set forth, and shall be received in evidence as such in all courts and places." (Italics supplied.)

The order of the probate court directing the payment of attorney fees and witness fees was presumably based on the provision italicized in the quotation. Whether such provision authorized the order is not involved in the present controversy. As before noted, Consumers Power Company made the payments specified. The circuit judge in ordering the payment of further fees for services rendered to the farm owners on their appeals, and in requiring the petitioner to pay jurors' fees and mileage, construed the statutory provision in question as applying not only to the proceedings in probate court but also as authorizing the orders made by him following the findings of the jury on the consolidated appeals. Appellant contends that such interpretation was erroneous and that the orders should be set aside. On behalf of the land owners, appellees here, it is argued that the language of the legislature must be interpreted as granting to the judge of probate the right to require the payment of attorney fees and expenses and as granting to the circuit court on appeal a like authority.

Section 2i (CL 1948, § 486.252i [Stat Ann 1951 Cum Supp § 22.1672(9)]) has reference to the appeal and reads in part as follows:

"Either party to the proceedings who considers himself aggrieved by any final order or determination thereof, may appeal therefrom to the circuit court for said county in the same manner as is now provided for appeals from probate courts to circuit courts. The right of appeal provided for herein shall be exclusive of other methods of review. No appeal shall prevent the petitioner from taking possession or continuing in possession if the petitioner shall have first filed a bond or deposit equal to twice the amount of the award: Provided, however, That the probate court in its discretion may require petitioner to deposit an additional and reasonable sum as indemnity for any further damages or costs which may be awarded as a result of such appeal."

The manner of taking appeals from acts, orders and sentences of the probate court is prescribed in CL 1948, § 701.36 *et seq.* (Stat Ann 1943 Rev and Stat Ann 1951 Cum Supp § 27.3178[36] *et seq.*). In substance appellant contends that this statute governs the proceedings in circuit court. In connection with such argument it may be noted that the land owners, on their appeals, sought and obtained a jury trial, asserting that they were entitled to such right. It is provided in CL 1948, § 701.51 (Stat Ann 1943 Rev § 27.3178[51]), that:

"In all cases that shall be contested, either in the probate court or in the circuit court, such court may award costs to either party, in its discretion, to be paid by the other, or to be paid out of the estate which is the subject of the controversy, as justice and equity shall require."

Said section was originally contained in Revised Statutes of 1846 and was reenacted in the judicature act, PA 1915, No 314. It has been repeatedly construed by this Court as authorizing the award of taxable costs only. *Cheever* v. *North,* 106 Mich 390

(37 LRA 561, 58 Am St Rep 499); *Brilliant* v. *Wayne Circuit Judges,* 110 Mich 68; *In re Quinn's Estate,* 179 Mich 61. In the case last cited, it was said (p 66):

"The expense of an attorney's service cannot be said to be 'costs,' within the meaning of that word as used in the statute."

The conclusion follows that if the awarding of costs in the circuit court in the instant proceeding was subject to the provisions of the statute, above quoted, the orders challenged by appellant cannot be sustained.

Assuming that the legislature intended to grant to the judge of probate authority to allow attorney fees and other expenses by way of compensation in the condemnation proceeding, may we read into the statute language giving like authority to the circuit judge on appeal? We think not. Our attention is directed to no provision of the pertinent statute that may be so interpreted. If, as appellees contend, the probate court was authorized to require the payment of attorney fees and expenses, it is obvious that an exception to the general rule was thereby created. Exceptions of such character are, under the recognized rule of construction, subject to a strict interpretation and may not be extended solely on the basis of inference. Had the legislature intended to grant to the circuit judge on appeal the authority to require the condemning party to make payments of the character here involved, we have no doubt that such authority would have been specified in unambiguous terms. It is of some significance also that the section, above quoted in part, authorizing an appeal, permits the probate court to require a reasonable deposit to indemnify for further damages or "costs" awarded as a result of the appeal. The word "costs" must be given

its ordinary interpretation as referring to taxable costs rather than to extraordinary allowances by way of attorney fees and nontaxable expenses. Just compensation for land taken in eminent domain proceedings does not include, in the absence of express statutory provision therefor, the payment of fees and expenses of the character involved in the instant case. *Department of Conservation* v. *Connor,* 316 Mich 565, 581, 582.

For the reasons indicated, we conclude that the provisions of the statute under which this proceeding was brought did not authorize the orders from which the appeal has been taken. The case is remanded to the circuit court with directions to set aside said orders, and for such further proceedings, if any, as may be required. Appellant may have costs.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.