KONDRATEK v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 90966. Submitted May 13, 1987, at Detroit. Decided July 27, 1987.

Joan Kondratek, who sustained injuries to her back, lungs and vocal cords in an automobile accident, brought an action in Macomb Circuit Court against Auto Club Insurance Association, her no-fault insurer, and Linda Cardinale, a claims representative for Auto Club, seeking personal protection insurance benefits for vocational rehabilitation expenses. Defendant Cardinale was later dismissed from the suit. Plaintiff accepted a mediation award of $19,500, but defendant rejected it and the matter proceeded to a bench trial, Robert J. Chrzanowski, J. The trial court entered a judgment in favor of plaintiff for vocational rehabilitation expenses thus far incurred, a declaratory judgment for vocational rehabilitation expenses yet to be incurred, to wit, tuition and expenses for a college program in sign language interpretation for the deaf, and awarded plaintiff attorney fees under both the no-fault act and the mediation court rule. Defendant appealed.

The Court of Appeals *held:*

1. Vocational rehabilitation is an allowable expense under the personal protection insurance benefits provision of the no-fault act, and the fact and extent of a claimant's entitlement to such benefits is a factual determination best left to the trial court.

2. An award of attorney fees under both the no-fault act and the court rule on mediation may properly be awarded to a plaintiff insured in an action against his insurer. In this case, the trial court properly determined that plaintiff was entitled to an award of attorney fees under the no-fault act for defendant's unreasonable refusal to pay or unreasonable delay in making a payment on plaintiff's claim for benefits. However, the trial court's award of attorney fees and costs under the mediation court rule was erroneous. The trial court improperly

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*; 345, 360.
See the annotations in the Index to Annotations under No-Fault Insurance.

took into account its declaratory judgment for vocational rehabilitation expenses yet to be incurred when determining that the judgment was less favorable to defendant than the rejected mediation award.

Remanded for modification of judgment.

1. INSURANCE — NO-FAULT — VOCATIONAL REHABILITATION.

Vocational rehabilitation is an allowable expense under the personal protection insurance benefits provision of the no-fault act (MCL 500.3107[a]; MSA 24.13107[a]).

2. INSURANCE — NO-FAULT — ATTORNEY FEES — APPEAL.

A court may order a no-fault insurer to pay an insured's attorney fees incurred in pursuing a claim where the court determines that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment; a court's finding of unreasonable refusal or delay in paying a no-fault insurance claim will not be disturbed on appeal unless it is clearly erroneous (MCL 500.3148; MSA 24.13148).

3. INSURANCE — NO-FAULT — ATTORNEY FEES — MEDIATION — COURT RULES.

Attorney fees, under both the no-fault act and the court rule on mediation, may be awarded to a plaintiff seeking no-fault insurance benefits in an action against his insurer where the trial court determines that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment and where the insurer, following trial, is found to be liable pursuant to a verdict less favorable than the mediation award it rejected (MCL 500.3148; MSA 24.13148; MCR 2.403[O]).

*Harold I. Gach,* and *Wayne J. Miller,* for plaintiff.

*Brandt, Hanlon, Becker, Lanctot & McCutcheon* (by *John B. Geen*), and *MacArthur, Cheatham, Acker & Smith, P.C.* (by *James G. Gross*), Attorneys of Counsel, for defendant.

Before: R. M. MAHER, P.J., and McDONALD and H. E. DEMING,* JJ.

PER CURIAM. Defendant appeals as of right from

* Circuit judge, sitting on the Court of Appeals by assignment.

a February 18, 1986, judgment awarding plaintiff $11,669.29 for benefits, attorney fees, costs and statutory interest in this no-fault insurance action. MCL 500.3107(a); MSA 24.13107(a).

On July 6, 1983, plaintiff filed a complaint against defendant insurer and Linda Cardinale, a claims representative, seeking a declaratory judgment that vocational rehabilitation is a covered benefit under the no-fault act and that certain future rehabilitation expenses would be payable when incurred. Cardinale was later dismissed as a party defendant. Mediation was held on October 9, 1984, and the panel recommended an award to plaintiff of $19,500. Plaintiff accepted the mediation award; defendant rejected it.

A bench trial was held in August, 1985. The facts presented are not in substantial dispute. In May, 1976, plaintiff was seriously injured in an automobile accident. Plaintiff's back was injured and her lungs and vocal cords were crushed. For three years plaintiff was unable to talk. At trial plaintiff was able to speak in a hoarse whisper. The medical prognosis was that plaintiff's vocal cords were permanently deformed and that her voice would never return to normal. It is undisputed that plaintiff's no-fault insurer, defendant, received notice of the accident and, except for vocational rehabilitation expenses, paid what it determined to be covered benefits.

The trial court denied defendant's motion for the involuntary dismissal of plaintiff's complaint and for summary disposition under MCR 2.116(C)(9) and (10).

After closing arguments the trial court entered an oral opinion. Relying on a 1983 Attorney General opinion and a recent decision of this Court holding that "allowable expenses" as contained in

§ 3107(a) of the no-fault act include vocational rehabilitation expenses, the trial court held that plaintiff was entitled to reasonably necessary vocational rehabilitation expenses. *Bailey v DAIIE,* 143 Mich App 223; 371 NW2d 917 (1985), lv den 424 Mich 867 (1986). OAG 1983-1984, No 6129, p 50 (February 24, 1983). The trial court found that defendant's conduct, taking a rigid approach in rejecting plaintiff's claim for vocational rehabilitation counselling, was unreasonable, and thus awarded plaintiff attorney fees. In addition, the court entered a declaratory judgment granting plaintiff tuition expenses estimated at $6,490 to be incurred upon her enrollment in a sign language interpreter program at Madonna College.

Defendant raises several issues on appeal. Defendant first urges us to reject *Bailey, supra,* and find that vocational rehabilitation expenses are not "allowable expenses" within the meaning of the no-fault act. We decline to do so as we feel *Bailey* was properly decided. .

Defendant next requests this Court to adopt "definite operational guidelines" for determining the fact and extent of a claimant's entitlement to vocational rehabilitation. Section 3107(a) sets forth the standard for determining the fact and extent of a claimant's entitlement to benefits. Allowable expenses are "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." Thus two requirements are evident: (1) products, services and accommodations must be "reasonably necessary"; and (2) charges must be reasonable. We believe such a determination is a factual question best left to the trial courts, and therefore decline to set "definite operational guidelines." Moreover, a review of the record in the instant case indicates that the trial

court's factual findings regarding the reasonableness of plaintiff's claim were not clearly erroneous.

Defendant next contends that the trial court erred in awarding plaintiff attorney fees. Section 3148 of the no-fault act permits a prevailing claimant to recover attorney fees if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. Defendant challenges the trial court's determination that it unreasonably refused to pay plaintiff's claim. The trial court's finding of unreasonableness was based on three factors: (1) defendant steadfastly took a position that vocational rehabilitation expenses were not covered under the no-fault act despite a February, 1983, Attorney General opinion to the contrary; (2) defendant was aware of the decision reached in *Bailey v DAIIE, supra,* by the circuit court and by this Court in 1984 and 1985 respectively; and (3) despite defendant's observation of plaintiff's voice impairment during a November, 1983, deposition, defendant failed to take any action to investigate alternative proper rehabilitation programs for plaintiff.

A trial court's finding of unreasonable refusal or delay will not be reversed on appeal unless it is clearly erroneous. *Nelson v DAIIE,* 137 Mich App 226; 359 NW2d 536 (1984). We cannot say that the trial court clearly erred in awarding plaintiff attorney fees in the instant case.

Defendant next claims that the trial court erred in awarding plaintiff attorney fees under both the no-fault act and the mediation court rule, MCR 2.403(O). We agree, but on grounds different from those offered by defendant.

Defendant contends that an award of attorney fees under both the statute and court rules constitutes a double recovery for a single element of damages, and improperly allows plaintiff a wind-

fall. We disagree. The award of attorney fees under the no-fault act serves a purpose separate and distinct from that served by awarding fees under the mediation court rule. The attorney fees awarded under the no-fault act represent a penalty for an insurer's unreasonable refusal or delay in making payments. It is clear that the purpose of the penalty provision is to insure that the injured party is promptly paid. *Darnell v Auto-Owners Ins Co,* 142 Mich App 1; 369 NW2d 243 (1985). In comparison, the policy behind MCR 2.403(O) is to place the burden of litigation costs upon the party who insists upon trial by rejecting a proposed mediation award. *Bien v Venticinque,* 151 Mich App 229; 390 NW2d 702 (1986). Therefore, because each provision serves an independent policy and purpose, recovery of fees under both provisions may be appropriate. In the instant case, however, we find the award of attorney fees under the mediation court rule was erroneous.

A rejecting defendant may be assessed attorney fees and costs under MCR 2.403(O), unless he improves his position on the mediation award by more than ten percent. Here, in calculating the amount of the judgment recovered by plaintiff, the trial court included the $6,490 future expenses contained in its declaratory judgment. We find such an inclusion to be improper. These expenses have not yet been incurred, do not constitute a money judgment, and may vary in amount when and if they are actually incurred. Absent inclusion of the $6,490, the judgment is more than ten percent below the mediation award. Therefore, the trial court erred in awarding plaintiff attorney fees under the mediation court rule.

Although defendant claims error in the trial court's calculation of prejudgment interest, the parties have since stipulated to the correct calcula-

tion and, therefore, we need not address this issue on appeal.

Remanded for modification of the judgment pursuant to this opinion.