DEPARTMENT OF TRANSPORTATION v DYL

Docket No. 105144. Submitted March 23, 1989, at Detroit. Decided
May 2, 1989. Leave to appeal applied for.

The Department of Transportation initiated proceedings pursuant
to the Uniform Condemnation Procedures Act in Wayne Circuit
Court seeking to acquire property owned by Thomas A. and
Kaye M. Dyl after the Dyls rejected the department's offer of
$20,000 for the property. Defendants Dyl made an offer to
stipulate to the entry of a judgment providing for compensation
in the amount of $22,000. Plaintiff rejected the offer and made
a counteroffer to stipulate to the entry of a judgment in the
amount of $16,500, which defendants rejected. Defendants were
awarded a judgment of $35,000 at the conclusion of a jury trial,
Robert J. Colombo, Jr., J. Defendants filed a motion for attor-
ney fees pursuant to § 16(3) of the UCPA, MCL 213.66(3); MSA
8.265(16)(3), and the court rule on offers to stipulate to entry of
judgment, MCR 2.405. The trial court awarded defendants a
total of $9,110 in attorney fees, of which $5,000 was awarded
pursuant to statute and $4,110 pursuant to court rule. Plaintiff
appealed, claiming only attorney fees pursuant to the statute
are properly available to defendants.

The Court of Appeals *held:*

1. Reasonable attorney fees in an amount not exceeding one-
third of the amount by which the ultimate compensation award
exceeds the condemnor's written offer may be awarded to the
condemnee under § 16(3) of the UCPA, which section was en-
acted to assure that the landowner receives the amount
awarded as just compensation.

2. Under MCR 2.405, whose purpose is to encourage settle-
ments and avoid protracted litigation, an offeror is entitled to
actual costs and a reasonable attorney fee necessitated by the
offeree's failure to stipulate to the entry of judgment where the
adjusted verdict (the verdict plus interest and costs from the
filing of the complaint through the date of the offer) is more

REFERENCES
Am Jur 2d, Eminent Domain §§ 465, 476.
Attorneys' fees: obduracy as basis for state-court award. 49 ALR4th
825.

favorable to the offeror than the average offer (the sum of the offer and counteroffer divided by two).

3. Given the distinct purposes behind § 16(3) of the UCPA and MCR 2.405, attorney fees pursuant to both are available to a condemnee in a case meeting the requirements of both statute and court rule.

Affirmed.

EMINENT DOMAIN — CONDEMNATION — ATTORNEY FEES — UNIFORM CONDEMNATION PROCEDURES ACT — COURT RULES.

In an action pursuant to the Uniform Condemnation Procedures Act where the ultimate compensation awarded after trial exceeded the condemnor's initial offer and an offer made by the condemnee to stipulate to the entry of a judgment in an amount less than the ultimate compensation award was rejected by the condemnor prior to trial, the condemnee may be entitled to reasonable attorney fees pursuant to both the condemnation procedures act and the court rule on offers to stipulate to entry of judgment (MCL 213.66[3]; MSA 8.265[16][3]; MCR 2.405).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert D. Randall,* Special Assistant Attorney General, and *Ronald F. Rose,* Assistant Attorney General, for plaintiff.

*Ackerman & Ackerman, P.C.* (by *Alan T. Ackerman*), for defendants.

Before: BEASLEY, P.J., and GILLIS and BRENNAN, JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's order granting defendants' motion for attorney fees pursuant to MCL 213.66(3); MSA 8.265(16)(3) and $4,110 pursuant to MCR 2.405. We affirm.

Plaintiff initially offered defendants $20,000 for the property it condemned. MCL 213.55(1); MSA 8.265(5)(1). Subsequently, defendants made an offer to stipulate to entry of judgment in the amount of $22,000. Plaintiff rejected defendants' offer to stip-

ulate to entry of judgment and made a counter-offer to stipulate to entry of judgment in the amount of $16,500. Defendants rejected the counteroffer. After a jury trial, defendants were awarded $35,000.

Subsequently, defendants moved for attorney fees pursuant to MCL 213.66(3); MSA 8.265(16)(3) and MCR 2.405. MCL 213.66(3); MSA 8.265(16)(3) provides:

> If the amount finally determined to be just compensation for the property acquired exceeds the amount of the written offer as defined in section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of ⅓ of the amount by which the ultimate award exceeds the agency's written offer as defined by section 5. The reasonableness of the owner's attorney's fees shall be determined by the court.

Before this section was enacted, only nominal attorney fees were available. *Transportation Dep't v DiMatteo,* 136 Mich App 15, 17; 355 NW2d 622 (1984), lv den 421 Mich 857 (1985). Hence, the property owner challenging an initial condemnation offer was left without his property and substantially less than just compensation because he had to pay most of his attorney fees. *Id.* at 17-18. Thus, MCL 213.66(3); MSA 8.265(16)(3) was enacted to assure the landowner would receive the amount awarded as just compensation for his property. *Id.* at 18. The present statute also acts as a performance incentive for attorneys because the fee awarded is proportional to the result achieved. *Id.* at 17. Under this statute, defendants claim that they are entitled to one-third of all amounts recovered in excess of $16,500 provided that their attorney's fee remains reasonable.

MCR 2.405(D) provides:

> (1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.
>
> * * *
>
> (3) The court shall determine the actual costs incurred. The court may in the interest of justice, refuse to award an attorney fee under this rule.
>
> * * *
>
> (5) Proceedings under this rule do not affect a contract or relationship between a party and his or her attorney.

An adjusted verdict is the verdict plus interest and costs from the filing of the complaint through the date of the offer. MCR 2.405(A)(5). The verdict is the amount awarded by the jury, excluding costs and interest. MCR 2.405(A)(4). An average offer is the sum of the offer and counteroffer divided by two. MCR 2.405(A)(3). Actual costs are costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment. MCR 2.405(A)(6). The purpose of MCR 2.405 is to encourage settlements and avoid protracted litigation. *Sanders v Monical Machinery Co*, 163 Mich App 689, 691-692; 415 NW2d 276 (1987). Under this statute, defendants claimed that they were entitled to $5,670 (i.e., twenty-one hours of attorney's work from the time the offer to stipulate to entry of judgment was made multiplied by an hourly fee of $270).

Plaintiff objected to defendants' request, claiming that MCL 213.66(3); MSA 8.265(16)(3) controlled the award of attorney fees in condemnation cases and that defendants had offered no evidence that their attorney fees were reasonable.

Defendants' attorney then submitted an affidavit stating that he received $270 per hour when paid by the government. Defendants' attorney also attached a sheet, showing that he had spent 27.4 hours on defendants' case since the offer to stipulate to judgment had been rejected. Defendants' attorney further attached a fee agreement showing that defendants had agreed to pay him one-third of the difference between the first written offer and the final award. The agreement noted that any amount awarded pursuant to MCL 213.66(3); MSA 8.265(16)(3) would be credited against the fee owed.

Plaintiff then filed a supplemental brief, arguing that MCL 213.66(3); MSA 8.265(16)(3) controlled. Plaintiff further argued that defendants did not incur any actual costs in proceeding to trial because their obligation to pay attorney fees was limited by their fee agreement with counsel. Plaintiff claimed that allowing defendants to recover fees under both MCL 213.66(3); MSA 8.265(16)(3) and MCR 2.405 would be double dipping.

At the hearing on defendants' motion the trial court ruled that defendants were entitled to attorney fees under both MCL 213.66(3); MSA 8.265(16)(3) and MCR 2.405. The court found that to hold otherwise would not serve the court rule's purpose of discouraging litigation. The court then found that a fee of $150 per hour was reasonable.

Eventually, the court entered an order awarding defendants an attorney fee of one-third of the difference between the ultimate award and the original written offer pursuant to MCL 213.66(3); MSA 8.265(16)(3) and an attorney fee of $4,110 pursuant to MCR 2.405.

On appeal, plaintiff again claims that MCL 213.66(3); MSA 8.265(16)(3) provides the exclusive basis for awarding attorney fees in condemnation

actions. Plaintiff notes that MCL 213.52(1); MSA 8.265(2)(1) provides in part:

> All laws and court rules applicable to civil actions shall apply to condemnation proceedings except as otherwise provided in this act.

Defendants rely on the same portion of MCL 213.52(1); MSA 8.265(2)(1) and claim that both MCL 213.66(3); MSA 8.265(16)(3) and MCR 2.405 should apply because MCR 2.405 was enacted to further the goal of encouraging settlements rather than ensuring just compensation for the landowner, the purpose of MCL 213.66(3); MSA 8.265(16)(3). Defendants note that the court rule was substantially revised after the statute was enacted.

In *Kondratek v Auto Club Ins Ass'n,* 163 Mich App 634; 414 NW2d 903 (1987), the plaintiff was awarded attorney fees pursuant to MCL 500.3148; MSA 24.13148 because her insurer unreasonably refused to pay her claim as well as attorney fees pursuant to MCR 2.403(O) because the defendant rejected mediation. This Court held that the statute was intended to assure prompt payment to the injured party and, therefore, to penalize an insurer who unreasonably refused to make payments. This Court also held that the purpose of the court rule was to place the burden of litigation costs on the party who insisted on trial by rejecting a proposed mediation award. This Court then held the recovery of fees under the statute and the court rule was appropriate because each served an independent purpose.

Given our previous discussion of the purposes of the statute and the court rule, we agree with the trial court that the imposition of attorney fees under both is appropriate; otherwise, the court

rule's purpose of encouraging settlements and avoiding protracted litigation will not be served. Moreover, we agree with defendants' argument that MCR 2.405 was intended to apply in condemnation cases as well as in other civil cases.

Plaintiff also claims that defendants have not incurred any actual costs as described in MCR 2.405(D)(1) because their attorney fees were limited by their fee agreement to the amount plaintiff was required to pay pursuant to MCL 213.66(3); MSA 8.265(16)(3). We reject plaintiff's argument given the language and the purpose of the rule.

Finally, plaintiff claims that "an award of attorney fees, beyond reasonable attorney fees, is not authorized." Plaintiff again argues that the statute is the exclusive authority for awarding fees in condemnation cases. We have rejected this argument above. Plaintiff then argues that an award of attorney fees pursuant to MCR 2.405 results in the landowner receiving more than the just compensation he is entitled to pursuant to Const 1963, art 10, § 2. This issue is not preserved for appeal. *Petterman v Haverhill Farms, Inc*, 125 Mich App 30, 33-34; 335 NW2d 710 (1983). Plaintiff ends by claiming that defendants are being reimbursed twice for the same legal services. To the extent this may be true, we reiterate our agreement with the trial court that to hold otherwise would negate the purpose of the court rule.

Affirmed.