MCAULEY v GENERAL MOTORS CORPORATION

Docket No. 106915. Argued January 8, 1998 (Calendar No. 13). Decided June 2, 1998.

Thomas E. McAuley brought an action under the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, in the Genesee Circuit Court against General Motors Corporation and the Michigan Employment Security Commission, alleging that use of standardized aptitude tests in making referrals for employment discriminated against handicapped persons by evaluating skills unrelated to the requirements of a job. A mediation evaluation was rejected by all parties. The court, Robert M. Ransom, J., entered judgment on a jury verdict of no cause of action against GMC, but found the MESC liable for damages and awarded attorney fees as permitted by the act. Thereafter, the court denied the plaintiff's motion for mediation sanctions pursuant to MCR 2.403(O), concluding that the plaintiff already had been fully compensated and that to compound the award would be punitive. The Court of Appeals, MURPHY, P.J., and O'CONNELL and M. J. MATUZAK, JJ., reversed in an unpublished opinion per curiam, holding that multiple awards in excess of a reasonable attorney fee are permissible where independent purposes are served by the provisions authorizing such awards (Docket No. 184869). The MESC appeals.

In an opinion by Justice CAVANAGH, joined by Chief Justice MALLETT, and Justices BRICKLEY, BOYLE, and KELLY, the Supreme Court *held*:

The requirement of MCR 2.403(O) that a rejecting party must compensate the prevailing party for the actual costs of the portion of litigation made necessary by the rejection of a mediation evaluation refers to the obligation of the rejecting party to reimburse the prevailing party for reasonable attorney fees in an amount determined by the trial court in its discretion. Once this occurs and the prevailing party has been made whole, the requirement of the court rule is satisfied, and no further compensation is warranted or required. Although multiple awards in excess of a reasonable attorney fee are permissible where independent purposes are served by the provisions authorizing such awards, double recovery may not be had under the circumstances of this case.

1. MCL 37.1606(3); MSA 3.550(606)(3) and MCR 2.403(O) were intended to relieve prevailing parties of the reasonable costs of all or part of litigation. There is no support in either provision for the conclusion that attorney fees may be imposed as a penalty or that a party may recover an amount in excess of a reasonable attorney fee as determined by the trial court. Under the American rule, attorney fees generally are not recoverable from a losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award.

2. Because only compensatory damages are available in Michigan and punitive sanctions may not be imposed, the amount of recovery for such damages is inherently limited by the amount of the loss; the party may not make a profit or obtain more than one recovery. In order for a party to recover attorney fees under the mediation rule, it must be shown that such fees were incurred. If the prevailing party already has been fully reimbursed for reasonable attorney fees through the operation of a statutory provision, as in this case, there are no actual costs remaining to be reimbursed under the court rule. However, if the applicable statute limits recovery of attorney fees to something less than a reasonable fee and there are actual costs remaining, an additional award may be appropriate.

3. The trial court correctly concluded that the MESC could be held liable only for attorney fees the plaintiff incurred in connection with the portion of the litigation that was related to his claim against the agency. Among the factors the court must consider when determining what constitutes a reasonable attorney fee are the results achieved in the case and the nature of the expenses. The court appropriately deducted portions of the plaintiff's legal expenditures attributable to his unsuccessful claim against the other defendant in this case, GMC, and for duplicative work made necessary by substitution of the plaintiff's counsel. Because these types of expenses are properly excluded when making the determination what constitutes a reasonable attorney fee, by necessary implication, it would be unreasonable to include them in an attorney fee assessment against the MESC.

Justice WEAVER, concurring, stated that whether double recovery of attorney fees would be appropriate with respect to other enactments of past, present, or future Legislatures should be left until such statutes are squarely before the Supreme Court.

Reversed.

Justice TAYLOR, concurring in the result, stated that the common purpose of exceptions to the American rule is to relieve prevailing parties of all or part of the expenses of litigation. Because punitive

sanctions generally are not permitted in Michigan, these exceptions permitting an award of attorney fees are necessarily in the nature of compensatory damages. Thus, a prevailing party's recovery is limited to reimbursement of a reasonable attorney fee as determined by the trial court, regardless of the number of exceptions that apply.

*Robert L. Segar* for plaintiff-appellee.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Martin J. Vittands,* Assistant Attorney General, for defendant-appellant.

CAVANAGH, J. In this case, we are presented with the question whether a prevailing party is entitled to recover a second award of attorney fees under the mediation rule, MCR 2.403(O),[1] where he has already been compensated for his reasonable attorney fees pursuant to a statutory provision. The Court of Appeals held that multiple awards in excess of a reasonable attorney fee are permissible where independent purposes are served by the provisions authorizing such awards. We agree; however, we find that the Court did not intend double recovery under the circumstances of this case when it enacted MCR 2.403. Therefore, we reverse the decision of the Court of Appeals.

---

[1] MCR 2.403(O)(1) provides, in pertinent part, as follows: "If a party has rejected [a mediation] evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation." "Actual costs" are defined in MCR 2.403(O)(6) as those costs taxable in civil actions and a reasonable attorney fee as determined by the trial court.

I

The Michigan Employment Security Commission[2] and General Motors Corporation had an agreement under which the MESC administered standardized aptitude tests to unemployed persons and referred those individuals who scored over fifty percent to GMC. When plaintiff was tested, he scored poorly on the manual dexterity portion of the test because of nerve damage in his hand and was not referred to GMC. This setback proved to be only temporary, because plaintiff obtained a job at GMC a short time later. There is no dispute that he is fully capable of doing the work.

Plaintiff then filed suit against GMC and the MESC under the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*,[3] alleging that the use of the standardized test as the determining factor for making referrals discriminated against handicapped persons because it evaluated skills that were unrelated to the individual's ability to perform the requirements of the job. A mediation evaluation of $12,500 in plaintiff's favor and against both defendants jointly and severally was rejected by all parties.

Following a trial on the matter, the jury returned a verdict of no cause of action against GMC,[4] but found the MESC liable for damages in the amount of $15,000. Plaintiff was also awarded $25,281.25 in attorney fees, as permitted by MCL 37.1606(3); MSA 3.550(606)(3) to

---

[2] The MESC is now known as the Unemployment Agency.

[3] The trial court granted the MESC's motion for summary disposition with regard to counts II and III of the complaint, which stated causes of action based on federal law.

[4] After the jury found in its favor, GMC also moved for $57,074 in attorney fees and costs against plaintiff pursuant to MCR 2.403(O) and MCR 2.405. However, the motion was withdrawn by stipulation when plaintiff agreed not to appeal the verdict with regard to GMC.

a prevailing plaintiff under the Handicappers' Civil Rights Act. The award was substantially reduced from the $64,746.25 plaintiff sought because the trial court ruled that the MESC should not have to pay fees for attorney services incurred in the pursuit of plaintiff's claim against GMC or for duplicative work that was necessitated by substitution of plaintiff's counsel.

After a judgment for a total of $40,281.25 was entered, plaintiff moved for mediation sanctions pursuant to MCR 2.403(O). The MESC argued in part that plaintiff should not be entitled to recover double attorney fees. The trial court denied the motion because it concluded that plaintiff had already been fully compensated and that "[t]o compound the award further would be punitive."

The Court of Appeals reversed in an unpublished per curiam opinion,[5] relying on its previous decision in *Howard v Canteen Corp*, 192 Mich App 427; 481 NW2d 718 (1992). The panel held that attorney fees may be awarded under both the Handicappers' Civil Rights Act and the court rule regarding mediation sanctions, even if the awards amount to a double recovery, because each provision serves an independent policy. While acknowledging that a court has discretion with regard to whether attorney fees should be awarded under the Handicappers' Civil Rights Act, the Court of Appeals stated that the trial court had no discretion to refuse to award attorney fees under MCR 2.403 because the court rule provides that an award of attorney fees as mediation sanctions is

---

[5] Issued July 9, 1996 (Docket No. 184869).

mandatory if the criteria are met. We granted leave to appeal.[6]

II

As a preliminary matter, we note that the rules governing the construction of statutes apply with equal force to the interpretation of court rules. *Smith v Henry Ford Hosp*, 219 Mich App 555, 558; 557 NW2d 154 (1996). When we are called upon to construe a court rule and a statute that relate to the same substantive issue, we must read both "according to the plain language of each, giving effect to the meaning of the words as they ought to have been understood by those who adopted them." *Buscaino v Rhodes*, 385 Mich 474, 481; 189 NW2d 202 (1971). Every word or phrase of a statute or court rule should be given its commonly accepted meaning; however, where a word or phrase is expressly defined, courts must apply it in accordance with that definition. MCL 8.3a; MSA 2.212(1); *Western Michigan Univ Bd of Control v Michigan*, 455 Mich 531, 539; 565 NW2d 828 (1997); *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996). Statutes should be construed so as to prevent absurd results, injustice, or prejudice to the public interest. *Franges v General Motors Corp*, 404 Mich 590, 612; 274 NW2d 392 (1979). The interpretation and application of court rules and statutes present a question of law that is reviewed de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991); *Szymanski v Brown*, 221 Mich App 423, 433; 562 NW2d 212 (1997).

---

[6] 456 Mich 865 (1997).

III

The MESC contends that the Court of Appeals erred in holding that plaintiff could recover duplicative attorney fees under the mediation rule after he had already been fully reimbursed for his reasonable attorney fees in connection with his claim against the agency. We agree. The language of the statute and the court rule demonstrate that those provisions were intended to relieve prevailing parties or plaintiffs of the reasonable costs of all or part of the litigation. There is no support in either provision for the conclusion that attorney fees may be imposed as a penalty or that a party may recover an amount in excess of a reasonable attorney fee as determined by the trial court.

As a background to our discussion, we begin by noting that Michigan follows what is commonly termed the "American rule" with regard to payment of attorney fees. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 474; 521 NW2d 831 (1994). Under this rule, attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award. *Id.*; see also MCL 600.2405(6); MSA 27A.2405(6) and 20 Am Jur 2d, Costs, § 57, p 52.[7]

It is well established that generally only compensatory damages are available in Michigan and that puni-

---

[7] Attorney fees may also be awarded where provided by contract of the parties, *Zeeland Farm Services, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195; 555 NW2d 733 (1996), or under a limited number of common-law exceptions to the American rule recognized in Michigan. See *In re Thomas Estate*, 211 Mich App 594, 602; 536 NW2d 579 (1995); *Popma, supra* at 475. However, we are presented with neither of those situations in this case.

tive sanctions may not be imposed.[8] See *Hayes-Albion Corp v Kuberski*, 421 Mich 170, 187; 364 NW2d 609 (1984), *Kewin v Massachusetts Mut Life Ins Co*, 409 Mich 401, 419; 295 NW2d 50 (1980), *Hicks v Ottewell*, 174 Mich App 750, 755; 436 NW2d 453 (1989), and *In re Disaster at Detroit Metropolitan Airport on August 16, 1987*, 750 F Supp 793, 805 (ED Mich, 1989). Because the purpose of compensatory damages is to make the injured party whole for the losses actually suffered, the amount of recovery for such damages is inherently limited by the amount of the loss; the party may not make a profit or obtain more than one recovery. *Stilson v Gibbs*, 53 Mich 280, 284; 18 NW 815 (1884); 22 Am Jur 2d, Damages, § 27, pp 54-56; 4 Restatement Torts, 2d, §§ 903, 906, 908, pp 453, 460, 464. That an award of attorney fees is typically compensatory in nature is illustrated by the well-established body of law holding that a litigant representing himself may not recover attorney fees as an element of costs or damages under either a statute or a court rule because no attorney fees were incurred. See, e.g., *Kay v Ehrler*, 499 US 432, 437-438; 111 S Ct 1435; 113 L Ed 2d 486 (1991), *Watkins v Manchester*, 220 Mich App 337, 343-344; 559 NW2d 81 (1996), and *Laracey v Financial Institutions Bureau*, 163 Mich App 437, 444-445; 414 NW2d 909 (1987); see also *Brown v Blanchard*, 40 Mich 61 (1879). Thus, in order for a party to recover attorney fees under the mediation rule, he must show that he has incurred such fees. *Watkins, supra* at 343-344. Obviously, if the

---

[8] We are aware of statutory exceptions to this general rule that specifically provide for punitive damages, e.g., MCL 15.240(7); MSA 4.1801(10)(7), MCL 600.2911(2)(b); MSA 27A.2911(2)(b), MCL 750.539h(c); MSA 28.807(8)(c).

prevailing party has already been fully reimbursed for reasonable attorney fees through the operation of a statutory provision, in this case the attorney fee provision of the HCRA, there are no "actual costs" remaining to be reimbursed under the court rule. On the other hand, if the applicable statute limits the recovery of attorney fees to something less than a reasonable attorney fee and there are actual costs remaining, an additional award may be appropriate in some cases. For example, in *Dep't of Transportation v Dyl*, 177 Mich App 33, 35; 441 NW2d 18 (1989), the Uniform Condemnation Procedures Act limited recovery of attorney fees to one-third of the amount by which the award exceeded the agency's written offer. The plaintiff in that case contended that he was also entitled to sanctions under MCR 2.405(D), which provides, similar to MCR 2.403(O), that a plaintiff may recover the "actual costs" made necessary by the other party's rejection of an offer of judgment. To the extent that the statutory remedy may have only partially compensated the plaintiff for the reasonable attorney fees that would ordinarily be recoverable under MCR 2.405, an additional award under the court rule would be appropriate in the amount by which the attorney fees recoverable under the statute were less than the amount recoverable under the court rule. Conversely, if a party moved for partial attorney fees pursuant to the court rules regarding mediation or offer of judgment first, and later filed a motion for attorney fees pursuant to statute, a supplemental award may be appropriate, in the trial court's discretion, for the portion of the attorney fees attributable to litigation expenses incurred before mediation or before the offer of judgment was rejected.

Although MCR 2.403(O)(1) states that the party rejecting mediation and later receiving an unfavorable verdict "must pay the opposing party's actual costs" incurred as a consequence of that rejection, this language only requires that the rejecting party pay the portion of the prevailing party's reasonable attorney fees attributable to the rejection of the mediation evaluation.[9] In this case, that occurred with the rendering of the verdict, which included reasonable attorney fees for the entire costs of plaintiff's pursuit of his claim against the MESC. Thus, at the time the motion for costs under MCR 2.403(O) was being considered, there was no authority in the language of the rule for the trial court to enter an order compelling the rejecting party to pay attorney fees a second time.

However, we also agree with the prior decisions of the Court of Appeals that hold that where the purposes of the court rules and statutes providing for an award of attorney fees serve independent policies, recovery under both may be appropriate. See, e.g., *Howard, supra,* and *Kondratek v Auto Club Ins Ass'n,* 163 Mich App 634; 414 NW2d 903 (1987). While we neither indorse nor condone the result reached in those cases, we acknowledge that independent policies and purposes may serve to allow a party double recovery.[10]

However, even adopting the principle regarding independent policies and purposes, we hold that this

---

[9] In addition to "those costs taxable in any civil action . . . ." MCR 2.403(O)(6), see n 1.

[10] The dissent erroneously claims that this paragraph is "dicta." We disagree. There are two points being made here. First, we agree with the Court of Appeals that duplicative recovery may be allowed in some circumstances. Second, however, duplicative recovery was not intended in this case, as is noted below.

Court, in enacting MCR 2.403 did not intend double recovery under the circumstances of this case. Specifically, if the prevailing party has already been fully reimbursed for reasonable attorney fees through the operation of the attorney fee provision of the HCRA, there are no "actual costs" remaining to be reimbursed under the court rule.

Although one of the aims of the mediation rule is to discourage needless litigation,[11] the rule is not intended to punish litigants for asserting their right to a trial on the merits. The Court of Appeals erred when it reversed the trial court's decision not to award extra attorney fees under MCR 2.403(O) in excess of plaintiff's reasonable attorney fees, or in other words, in excess of plaintiff's "actual costs" as defined by the court rule. Plaintiff had already been reimbursed for his reasonable attorney fees in connection with the portion of the litigation attributable to his claim against the MESC pursuant to MCL 37.1606(3); MSA 3.550(606)(3); consequently, he had no remaining "actual costs" for which he could claim compensation under the mediation rule.

Plaintiff argues that even if reimbursement is the measure of his recovery, he has not been adequately compensated for his expenditures because the award of $25,281.25 under the Handicappers' Civil Rights Act

---

[11] In *Dep't of Transportation v Dyl, supra* at 38-39, the Court of Appeals opined that the purpose of the court rule in motivating parties to settle would be negated unless a separate and additional attorney fee award could be recovered. However, this is not the case. While it is true that our holding means no duplicative attorney fees will be awarded, the fact is that in cases of this type (where the underlying statute awards fees), this is not an elimination of that type of incentive, but rather it is merely a relative reduction. This does not, then, serve to significantly thwart the purposes of the mediation rule.

fell far short of compensating him for his total reasonable legal expenses, which were in excess of $64,000. While, in common usage, the term "actual costs" may in one sense be taken to mean the amount actually expended, MCR 2.403(O)(6)(b) expressly defines "actual costs" as court costs plus "a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation." As we have noted, where a statute or court rule provides its own definition of a term, the term must be applied in conformity with that definition. *Western Michigan Univ Bd of Control, supra* at 539; *Tryc, supra* at 136. Thus, parties are limited by the court rule's definition of "actual costs" to recovery of a reasonable fee as determined by the trial court, regardless of the fee amount a party may contractually agree to with his attorney or the total amount he may spend on litigation. See, e.g., *In re Condemnation of Private Property for Highway Purposes*, 209 Mich App 336, 342; 530 NW2d 183 (1995) ("Reasonableness cannot be shown merely by reference to the . . . contract"). If the amount paid were sufficient proof of reasonableness, "there would be little or no reason for vesting the trial court with discretion to set the amount of an attorney fee award." *City of Flint v Patel*, 198 Mich App 153, 160; 497 NW2d 542 (1993). Similarly, MCL 37.1606(3); MSA 3.550(606)(3) authorizes a court to award only a reasonable attorney fee. This is, in fact, what plaintiff recovered.

The trial court correctly concluded that the MESC could be held liable only for attorney fees plaintiff incurred in connection with the portion of the litigation that was related to his claim against the agency.

Among the factors the court must consider when determining what constitutes a reasonable attorney fee are the results achieved in the case and the nature of the expenses. *Wood v DAIIE*, 413 Mich 573, 588; 321 NW2d 653 (1982); *In re Condemnation of Private Property, supra* at 341-342. In this case, the trial court appropriately deducted portions of plaintiff's legal expenditures attributable to his unsuccessful claim against the other defendant in this case, GMC, and for duplicative work made necessary by substitution of plaintiff's counsel. Because these types of expenses are properly excluded when determining what constitutes a reasonable attorney fee, it would, by necessary implication, be unreasonable to include them in an attorney fee assessment against the MESC.

IV

In conclusion, the mandatory language of MCR 2.403(O), which requires the rejecting party to compensate the prevailing party for the "actual costs" of the portion of the litigation made necessary by the rejection of the mediation evaluation, refers to the obligation of the rejecting party to reimburse the prevailing party for reasonable attorney fees in an amount determined by the trial court in its discretion; once this occurs and the prevailing party has been made whole, the requirement of the court rule is satisfied and no further compensation is warranted or required. Consequently, we reverse the Court of Appeals decision and reinstate the judgment of the trial court.

MALLETT, C.J., and BRICKLEY, BOYLE, and KELLY, JJ., concurred with CAVANAGH, J.

WEAVER, J. (*concurring*). I concur in the result and agree that a prevailing party is not entitled to recover a second award of attorney fees under MCR 2.403(O), the mediation rule, after that party was already fully reimbursed for his reasonable attorney fees under subsection 606(3) of the Handicappers' Civil Rights Act.[1] However, I write separately because I make no decision regarding the statements in both the majority and Justice TAYLOR's partial concurrence with regard to whether such double recovery of attorney fees would be appropriate with respect to other enactments of past, present, or future Legislatures. I reserve judgment of such other statutes until they are squarely before the Court.

TAYLOR, J. (*concurring in the result*). This case presents the question whether a prevailing party is entitled to a second award of attorney fees after the party has already been compensated for his reasonable attorney fees. I fully concur with the majority's conclusion that, here, plaintiff may not recover attorney fees under the mediation rule, MCR 2.403(O), because he was already compensated for his reasonable attorney fees pursuant to MCL 37.1606(3); MSA 3.550(606)(3) of the Handicappers' Civil Rights Act. However, the majority, in dicta,[1] leaves open the pos-

---

[1] MCL 37.1606(3); MSA 3.550(606)(3).

[1] Dicta is defined as "Opinions of a judge which do not embody the resolution or determination of the specific case before the court. Expressions in court's opinion which go beyond the facts before court and therefore are individual views of author of opinion and not binding in subsequent cases as legal precedent." Black's Law Dictionary (6th ed), p 454. I agree with the majority that the facts before us do not justify duplicative recovery of attorney fees. However, whether duplicative attorney fees may be recoverable in other circumstances is not necessary to resolution of the present case and goes beyond the facts before us. Accordingly, discussion of this issue is dicta.

sibility that duplicative recovery of attorney fees may be available when the applicable statutes or court rules further different purposes. The majority states that it agrees with Court of Appeals cases "that hold that where the purposes of the court rules and statutes providing for an award of attorney fees serve independent policies, recovery under both may be appropriate." *Ante* at 522. On this point, I disagree.

The common purpose of both statutes and court rules authorizing an award of attorney fees is simply to suspend the operation of the "American rule" and require the losing party to reimburse the prevailing party for his reasonable attorney fees. Accordingly, once a party has been so compensated, no further award is warranted.

As the majority states, Michigan follows the "American rule" with regard to payment of attorney fees, under which attorney fees are not generally recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 474; 521 NW2d 831 (1994); see also MCL 600.2405(6); MSA 27A.2405(6).[2] Consistent with the narrow construction that must be given these exceptions,[3] I believe that the common objective of statutes and court rules authorizing attor-

---

[2] As the majority notes, attorney fees may also be awarded where provided by contract of the parties, *Zeeland Farm Services, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195; 555 NW2d 733 (1996), or under a limited number of common law exceptions to the American rule recognized in Michigan. See *In re Thomas Estate*, 211 Mich App 594, 602; 536 NW2d 579 (1995); *Popma, supra* at 475. But these situations are not at issue here.

[3] *In re Petition of Consumers Power Co*, 335 Mich 360, 366; 56 NW2d 217 (1953); *Auto Club Ins Ass'n v State Farm Ins Cos*, 221 Mich App 154, 167; 561 NW2d 445 (1997).

ney fee awards is only to suspend the operation of the American rule and require the losing party to compensate the prevailing party for reasonable attorney fees under circumstances that warrant such compensation. The common objective cannot, consistent with a narrow interpretation, be to award something more than actual costs, i.e., duplicative costs.

The majority builds its argument on the fact that the various court rules and statutes that articulate exceptions to the American rule rest on different rationales, e.g., to deter discrimination[4] or to discourage needless litigation.[5] These rationales, however, only convey why the enacting body chose to allow recovery of attorney fees in a particular situation when almost universally that is not done. In no sense do these explanations of the circumstances under which there will be deviation from the usual rule—the American rule—alter the fact that the overarching objective of such exceptions is only to compensate the prevailing party for reasonable attorney fees. The reason there can be no expansive reading to provide more than a simple waiver of the American rule is that no statute or court rule expressly states that it is designed to provide for the duplicative recovery of attorney fees.

Indeed, under the logic of the majority opinion, if a prevailing party can convince a court that there are separate purposes under distinct provisions for attorney fees, multiple attorney fees can be recovered. We

---

[4] See, e.g., *King v General Motors Corp*, 136 Mich App 301, 307-308; 356 NW2d 626 (1984); *Jenkins v Southeastern Michigan Chapter, American Red Cross*, 141 Mich App 785, 801; 369 NW2d 223 (1985).

[5] See, e.g., *Dep't of Transportation v Dyl*, 177 Mich App 33, 36; 441 NW2d 18 (1989).

should anticipate that the potential for such a windfall will invite exploration of the limits of the majority's dicta and, accordingly, produce much future litigation in which the lower courts, and eventually this Court, will be asked to adjudicate claims that have at their root a flawed understanding of the import of the American rule and its exceptions.

For these reasons, I would hold that the common purpose of exceptions to the American rule is to relieve prevailing parties of all or part of the expenses of litigation. Because punitive sanctions are not generally permitted in Michigan, these exceptions permitting an award of attorney fees are necessarily in the nature of compensatory damages. Thus, a prevailing party's recovery is limited to reimbursement of a reasonable attorney fee as determined by the trial court, regardless of the number of exceptions that apply. Accordingly, I disagree with the majority's adoption of the principle that the independent purposes underlying statutes or court rules that provide for recovery of attorney fees may justify duplicative recovery of attorney fees.