CORTEZ v FIRE INSURANCE EXCHANGE

Docket No. 132313. Submitted June 23, 1992, at Lansing. Decided November 3, 1992, at 9:05 A.M.

Tina Cortez brought an action in the Genesee Circuit Court against Fire Insurance Exchange, her homeowner's insurer, seeking to recover the maximum benefit of $36,000 for fire loss to her dwelling under a policy that provided replacement-cost coverage. Damage to the home exceeded the amount of coverage. The defendant paid $16,000, determining that amount to be the actual cash value of the loss, but refused to pay further benefits until the dwelling was repaired or replaced. The court, Judith A. Fullerton, J., issued a judgment for the plaintiff in the amount of $20,000, finding that the defendant had failed to state a valid defense to the claim. The defendant appealed.

The Court of Appeals *held*:

Because the defendant's policy provides replacement-cost coverage for the cost of equivalent construction, it is governed by MCL 500.2827; MSA 24.12827. Subsection 3 of that statute provides that a contract of insurance may provide that the insurer has no liability to pay an amount in excess of the actual cash value of the lost or damaged insured property at the time of the loss or damage, unless the property is actually repaired, rebuilt, or replaced at the same or another contiguous site. Subsection 3 further provides, however, that the limitation of liability does not apply if the amount of loss or damage exceeds the amount of coverage.

The trial court did not err in concluding that the defendant could not withhold full payment under the circumstances of this case.

Affirmed.

INSURANCE — FIRE INSURANCE — REPLACEMENT-COST COVERAGE.

A fire insurance policy that provides coverage for the cost of

REFERENCES

Am Jur 2d, Insurance § 1506.

Construction and effect of property insurance provision permitting recovery of replacement cost of property. 1 ALR5th 817.

replacing an insured structure using equivalent construction is governed by § 2827 of the Insurance Code; under such a policy, an insurer may require that the insured must repair, rebuild, or replace the structure in order for the insurer to be liable for amounts in excess of the actual cash value of the loss or damage; such a limitation of liability applies only where the loss or damage does not exceed the amount of coverage; where the loss or damage does exceed the amount of coverage, the insurer may not condition its liability on repair, rebuilding, or replacement by the insured (MCL 500.2827; MSA 24.12827).

*Harvey, Kruse, Westen & Milan, P.C.* (by *Jeanine R. Thoits*), for the defendant.

Before: HOLBROOK, JR., P.J., and WEAVER and McDONALD, JJ.

PER CURIAM. Defendant appeals from an August 8, 1990, order granting plaintiff partial summary disposition pursuant to MCR 2.116(C)(9) and (10) in this action to determine plaintiff's entitlement to insurance benefits under her insurance contract with defendant. We affirm.

Plaintiff's home was destroyed by fire. At the time of the fire, plaintiff maintained a homeowner's policy with defendant. The policy provided benefits of up to $36,000 for loss or damage to plaintiff's dwelling. Plaintiff filed a proof of loss with defendant, asserting the actual cash value of the dwelling was in excess of $35,000. Defendant denied plaintiff's claim, citing her failure to submit valid proofs of loss. Sometime thereafter, defendant issued a $16,000 check to plaintiff's mortgagee. This sum represented defendant's assessment of the cash value of the dwelling. Plaintiff does not appear to contest this valuation.

Plaintiff instituted this action when defendant refused to pay additional funds up to the policy

limit of $36,000.[1] Defendant denies liability for further replacement benefits under the contract absent proof plaintiff has repaired or rebuilt the dwelling. Plaintiff claims inability to repair or rebuild. The trial court found plaintiff's performance under the contract was impossible because, absent cooperation by defendant in providing benefits under the contract, plaintiff could not afford to either rebuild or repair the dwelling. Thus, the trial court awarded plaintiff $20,000, the additional property damage coverage provided plaintiff under the contract.

On appeal, defendant claims the trial court erred in awarding plaintiff the $20,000 because the contract of insurance explicitly provides for the additional replacement-cost coverage only in the event plaintiff has actually repaired or rebuilt the dwelling. The contract reads in pertinent part:

> When the cost to repair or replace is more than $1,000 or more than 5% of the limit of insurance in this policy on the building, whichever is less, we shall pay no more than the actual cash value of the damage until repair or replacement is completed.

Defendant contends contract provisions limiting an insurer's liability to pay replacement cost only in the event the damaged property is actually repaired or rebuilt are expressly authorized by statute. We agree. Section 2826 of the Insurance Code, MCL 500.100 *et seq.*; MSA 24.1100 *et seq.*, provides for this type of insurance contract. However, § 2826, MCL 500.2826; MSA 24.12826, addresses replacement-cost insurance provisions that require the insurer to provide replacement with

---

[1] Although plaintiff also contested defendant's payment of living expenses under the contract, that issue is not now before the Court.

"new materials of like size, kind and quality."[2] The contract of insurance at issue in this case provides for replacement cost for "equivalent construction." Thus, this policy is subject to § 2827 of the code, MCL 500.2827; MSA 24.12827, which addresses replacement-cost policies that require the insurer to rebuild or replace the lost or damaged property "to a condition and appearance *similar* to that which existed at the time of loss based on the use of *conventional* materials and construction methods."[3]

Section 2827, unlike § 2826, contains a subsection limiting an insurer's ability to withhold replacement-cost benefits until repairs have been

---

[2] Section 2826 provides:

> An Insurer may issue a fire insurance policy, insuring property, by which the insurer agrees to reimburse and indemnify the insured for the difference between the actual value of the insured property at the time any loss or damages occurs, and the amount actually expended to repair, rebuild, or replace with new materials of like size, kind, and quality, but not to exceed the amount of liability covered by the fire policy. A fire policy issued pursuant to this section may provide that there shall be no liability by the insurer . . . to pay the amount specified in the policy unless the property damaged is actually repaired, rebuilt, or replaced at the same or another site. [MCL 500.2826; MSA 24.12826.]

[3] Section 2827 provides:

> (1) An insurer may issue a fire policy, insuring property, by which the insurer agrees to reimburse and indemnify the insured for the difference between the actual cash value of the lost or damaged insured property at the time of the loss or damage, and the amount actually necessary to repair, rebuild, or replace the lost or damaged insured property to a condition and appearance similar to that which existed at the time of the loss or damage based on the use of conventional materials and construction methods which are currently available without extraordinary expense. The insurer's liability shall not exceed the amount of liability covered by the contract of insurance. [MCL 500.2827; MSA 24.12827.]

Although subtle, the distinction between § 2826 and § 2827(1) has been explicitly acknowledged by the Legislature. MCL 500.2604(3); MSA 24.12604(3).

made where the amount of the loss or damage to the insured property exceeds the amount of liability covered by the contract. Section 2827(3). There is no dispute in this case that the replacement cost of plaintiff's damaged property exceeds the $36,000 contract liability. Therefore, pursuant to § 2827(3), defendant was not authorized to withhold plaintiff's replacement-cost benefits on the bases that she had not actually repaired or replaced the property. Partial summary disposition in favor of plaintiff was properly granted.

Affirmed.