# STATE OF MICHIGAN

# COURT OF APPEALS

---

CRAFT RECREATION COMPANY, LLC, d/b/a
LAKEWOOD LANES,

        Plaintiff-Appellee,

v

HOME-OWNERS INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
September 15, 2015

No.  321435
Oakland Circuit Court
LC No.  2013-136669-CB

---

Before:  MURRAY, P.J., and METER and OWENS, JJ.

PER CURIAM.

In this insurance coverage dispute, defendant appeals as of right a judgment for plaintiff and challenges an opinion and order granting summary disposition to plaintiff.  Resolution turns on whether defendant's insurance policy was authorized under MCL 500.2826 or MCL 500.2827, provisions of the Michigan Insurance Code, MCL 500.100 *et seq.*  We hold that the trial court correctly determined that plaintiff's policy falls under § 2827 and thus, defendant was required to remit the policy limits to plaintiff without regard to whether the structure was actually repaired or replaced because the damage exceeded the policy limits.

Plaintiff is a limited liability company which operated a bowling alley under the name Lakewood Lanes.  The business premises were insured by defendant.  In August 2012, a fire destroyed the business, resulting in a total loss.  The parties do not dispute that the damages were in excess of the policy limit.  The policy between the parties provided:

> d.      [Defendant] will not pay on a replacement cost basis for any loss or damage:
>
> > (1)      Until the lost or damaged property is actually repaired or replaced; and
>
> > (2)      Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.
>
> e.      [Defendant] will not pay more for loss or damage on a replacement cost basis than the least of:

(1)     The Limit of Insurance applicable to the lost or damaged property;

(2)     The cost to replace, on the same premises, the lost or damaged property with other property:

(a)  Of comparable material and quality; and

(b)  Used for the same purpose[.]

Defendant refused to remit the full policy limit and argued that plaintiff was required to rebuild the structure before it would become liable. Plaintiff filed suit; both parties moved for summary disposition. Relying on *Cortez v Fire Ins Exch*, 196 Mich App 666; 493 NW2d 505 (1992), and distinguishing *Smith v Mich Basic Prop Ins Ass'n*, 441 Mich 181; 490 NW2d 864 (1992), the trial court held that the policy language fell under § 2827, and that plaintiff was therefore entitled to recover up to the policy limit.

The construction and interpretation of an insurance contract is a question of law subject to de novo review. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353; 596 NW2d 190 (1999). The interpretation of a statute is reviewed de novo, *McAuley v Gen Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998), overruled in part on other grounds by *Rafferty v Markovitz*, 461 Mich 265, 273 n 6; 602 NW2d 367 (1999), as is a decision on a motion for summary disposition, *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

Interpretation of insurance policy terms follows Michigan's established principles of contract construction. *Henderson*, 460 Mich at 353.

First, an insurance contract must be enforced in accordance with its terms. A court must not hold an insurance company liable for a risk that it did not assume. Second, a court should not create ambiguity in an insurance policy where the terms of the contract are clear and precise. Thus, the terms of a contract must be enforced as written where there is no ambiguity. [*Id.* at 354 (citations omitted).]

However, if there is ambiguity in the contract, the ambiguity will be "liberally construed in favor of the insured and against the insurer, who drafted the contract." *Morinelli v Provident Life & Acc Ins Co*, 242 Mich App 255, 262; 617 NW2d 777 (2000).

The foremost rule of statutory construction or interpretation is to discern and give effect to the intent of the Legislature. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). Each word or phrase of a statute is given its commonly accepted meaning, unless a word or phrase is expressly defined, and then courts must apply it in accordance with that definition. *McAuley*, 457 Mich at 518. "To discern the true intent of the Legislature, the statutes must be read together, and no one section should be taken in isolation." *Apsey v Memorial Hospital*, 477 Mich 120, 132 n 8; 730 NW2d 695 (2007).

MCL 500.2806 provides that a "policy or contract of fire insurance shall not be made, issued, or delivered . . . unless it conforms to the provisions of this chapter." Two separate provisions may authorize the policy at issue. Section 2826 provides:

An insurer may issue a fire insurance policy, insuring property, by which the insurer agrees to reimburse and indemnify the insured for the difference between the actual value of the insured property at the time any loss or damages occurs, and the amount actually expended to repair, rebuild, or replace with new materials of like size, kind, and quality, but not to exceed the amount of liability covered by the fire policy. A fire policy issued pursuant to this section may provide that there shall be no liability by the insurer to pay the amount specified in the policy unless the property damaged is actually repaired, rebuilt, or replaced at the same or another site.

In contrast, § 2827 provides:

(1) An insurer may issue a fire policy, insuring property, by which the insurer agrees to reimburse and indemnify the insured for the difference between the actual cash value of the lost or damaged insured property at the time of the loss or damage, and the amount actually necessary to repair, rebuild, or replace the lost or damaged insured property to a condition and appearance similar to that which existed at the time of the loss or damage based on the use of conventional materials and construction methods which are currently available without extraordinary expense. The insurer's liability shall not exceed the amount of liability covered by the contract of insurance.

\* \* \*

(3) The contract of insurance established pursuant to subsection (1) may provide that there shall be no liability on the part of the insurer to pay an amount in excess of the actual cash value of the lost or damaged insured property at the time of the loss or damage, unless the lost or damaged property is actually repaired, rebuilt, or replaced at the same or another contiguous site. However, this subsection shall not apply if the amount of loss or damage to the insured property under the standards of subsection (1) exceeds the amount of liability covered by the contracts.

The policy at issue states that the insurer will cover the cost to replace or repair the property with other property of "comparable material and quality." The policy in *Smith* referred to "like construction and use," *Smith*, 441 Mich at 185 n 3, while in *Cortez* the policy required "equivalent construction," *Cortez*, 196 Mich App at 669. Section 2826 covers the use of "new materials of like size, kind, and quality," while § 2827 covers the use of "conventional materials and construction methods." The language from neither case nor statute exactly matches that of the policy at issue.

-3-

The word "like" means, in part, "of the same form, appearance, kind, character, amount[.]" *Random House Webster's College Dictionary* (1997).[1] The word "conventional" means, in part, "conforming or adhering to accepted standards" and "ordinary rather than different or original." *Id*. Turning to the words in the policies, "equivalent" means, in part, "equal in value, measure, force, effect, or significance," while the term "comparable" means, in part, "capable of being compared; permitting comparison," and "compare" means, in part, "to examine . . . in order to note similarities and differences" and "to consider or describe as similar; liken[.]" *Id*.

These definitions show that the term "like" includes an element of being "the same," while "comparable" includes the examination of similarities and differences. A different material could be used in repairing a home under § 2827 as long as the differences did not outweigh the similarities. In addition, § 2826 refers to "new materials . . . ." This Court has determined that "equivalent construction" clauses are authorized under § 2827, which allows "conventional materials and construction methods." *Cortez*, 196 Mich App at 668-669. The *Cortez* Court stated:

> Defendant contends contract provisions limiting an insurer's liability to pay replacement cost only in the event the damaged property is actually repaired or rebuilt are expressly authorized by statute. We agree. Section 2826 of the Insurance Code . . . provides for this type of insurance contract. However, § 2826 . . . addresses replacement-cost insurance provisions that require the insurer to provide replacement with "new materials of like size, kind and quality." The contract of insurance at issue in this case provides for replacement cost for "equivalent construction." Thus, this policy is subject to § 2827 of the code, . . . which addresses replacement-cost policies that require the insurer to rebuild or replace the lost or damaged property "to a condition and appearance *similar* to that which existed at the time of loss based on the use of *conventional* materials and construction methods." [*Cortez*,196 Mich App at 668-669 (emphasis in original).]

The "comparable material" phrasing under the policy here is most closely authorized under the "conventional materials" phrasing of § 2827 and is similar to the phrase "equivalent construction" construed in *Cortez*. Contrary to defendant's argument, *Smith* does not control because it did not address the distinctions between the sections. See *Smith*, 441 Mich at 187 n 6. Finally, any ambiguity must go against the defendant, who drafted the policy. *Morinelli*, 242 Mich App at 262. Therefore, the trial court did not err in applying § 2827(1) and (3) and in granting summary disposition to plaintiff.

---

[1] The terms are not defined in the statute and thus this Court may look to the dictionary for the ordinary meaning of the words. *Stanton v Battle Creek*, 466 Mich 611, 617; 647 NW2d 508 (2002).

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Donald S. Owens