KALLABAT v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 230627. Submitted December 11, 2002, at Detroit. Decided
April 3, 2003, at 9:00 A.M.

Majad Kallabat brought an action in the Macomb Circuit Court against
State Farm Mutual Automobile Insurance Company, seeking first-
party no-fault benefits for allowable medical expenses resulting
from injuries sustained in an automobile accident. The plaintiff
presented the testimony of three doctors that had treated the plain-
tiff; however, only one of the doctors gave specific testimony that
the doctor's treatment was reasonably necessary and that his
charges were reasonable. The defendant moved for a partial
directed verdict in its favor. The court, John B. Bruff, J., took the
motion under advisement. A jury returned a verdict in favor of the
plaintiff, and the court then denied the defendant's motions for a
directed verdict and for judgment notwithstanding the verdict. The
defendant appealed from the judgment, alleging insufficient proof
was presented to show that the expenses for the treatment by the
other two doctors were reasonable and reasonably necessary.

The Court of Appeals held:

Whether expenses are reasonable and reasonably necessary, as
required by MCL 500.3107, is generally a question of fact for the
jury to resolve. The jury may consider all the evidence introduced
by the plaintiff in determining whether the plaintiff has proved by a
preponderance of the evidence that the expenses were reasonable
and necessary. Direct and circumstantial evidence, and reasonable
inferences therefrom, may be considered by the jury. MCL 500.3107
does not require the plaintiff to offer direct evidence from a treat-
ing physician that the expenses incurred were reasonable and rea-
sonably necessary. The plaintiff met his burden of proof in this
matter.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — REASONABLE
AND NECESSARY EXPENSES.

The section of the no-fault automobile insurance act providing that
personal protection insurance benefits are payable for all reason-
able expenses incurred for reasonably necessary products, ser-

vices, and accommodations for an injured person's care, recovery, or rehabilitation does not require a plaintiff in an action for the payment of such expenses to offer direct evidence from a treating physician that the expenses incurred were both reasonable and reasonably necessary; the jury generally resolves the question whether expenses were reasonable and necessary and may consider direct and circumstantial evidence, and permissible inferences therefrom, to determine if the plaintiff had proved by a preponderance of the evidence that the expenses were reasonable and necessary (MCL 500.3107).

*Peter J. Harrington* and *Laurie S. Longo, P.C.* (by *Laurie S. Longo*), for the plaintiff.

*Romain, Kuck & Egerer, P.C.* (by *David S. Robinson, Jr.*, and *Douglas J. Curlew*), for the defendant.

Before: FITZGERALD, P.J., and WILDER and COOPER, JJ.

WILDER, J. In this first-party no-fault automobile-insurance case, defendant appeals as of right the judgment for plaintiff entered following a jury trial.[1] Specifically, defendant appeals the trial court's denial of its motions for a directed verdict and for judgment notwithstanding the verdict.[2] We affirm.

### I. FACTS AND PROCEEDINGS

In May 1996, plaintiff was injured in an automobile collision at the intersection of Hall Road and Van Dyke in Macomb County. At the time, plaintiff was driving his fiancée's car. Plaintiff's fiancée had con-

---

[1] The jury awarded plaintiff $52,528, to which the trial court added $10,489.22 in prejudgment interest. In total, plaintiff was awarded $63,017.22.

[2] Defendant does not contest the jury awards for expenses attributable to replacement services or attendant-care services, nor the penalty and judgment interest related to those expenses. Defendant has already satisfied the judgment to the extent of those awards.

tracted with defendant for no-fault automobile insurance and had listed plaintiff as a covered driver on her policy. As a result of the collision, plaintiff hit his head on the roof of the car, hit his right knee on the dashboard, and hit his right foot on the firewall, fracturing his right foot. Plaintiff also "pulled" his right shoulder when his seat belt restrained him. After the accident, an ambulance took plaintiff to the emergency room at William Beaumont Hospital in Troy, where his foot was set in a cast and he was given some pain medication and then released.

After the accident, plaintiff sought treatment from several physicians, including Dr. Michael Hubers, his partner Dr. Craig Roodbeen, and Dr. Jerry Robertson. In addition to rendering treatment related to plaintiff's fractured foot, Dr. Hubers performed arthroscopic surgery on plaintiff's right knee in October 1997 and discovered a lateral meniscus tear and evidence of chondromalacia, which he treated by performing a partial meniscectomy and chondroplasty. Dr. Roodbeen treated plaintiff's shoulder injury. His treatment included using arthroscopic surgery in May 1997 to smooth a tear in plaintiff's rotator cuff and to remove a bone spur. Dr. Robertson, who first examined plaintiff in May 1997, treated plaintiff primarily for his neck and spinal injuries, but also evaluated plaintiff's other complaints that were being treated by Dr. Hubers and Dr. Roodbeen. Dr. Robertson's diagnosis of these complaints was the same as the diagnoses of Dr. Hubers and Dr. Roodbeen. As the overlapping dates of treatment indicate, plaintiff continued treatments with Dr. Hubers and Dr. Roodbeen after he became Dr. Robertson's patient. At the time of trial, plaintiff was still complaining of headaches

and pain in his neck, shoulder, and knee, which he asserted should be attributed to the automobile accident.

Several months after the accident, plaintiff filed a claim with defendant for first-party no-fault insurance benefits. Defendant paid some of the bills plaintiff submitted, denied payment on others, and did not act on some claims. Thereafter, in September 1997, plaintiff filed the instant action against defendant for payment of benefits for allowable expenses, pursuant to MCL 500.3107. In June 2000, plaintiff's case was tried, and plaintiff presented the testimony of Dr. Hubers, Dr. Roodbeen, and Dr. Robertson, among other witnesses.[3] Of these three physicians, only Dr. Robertson gave specific testimony that his treatments were reasonably necessary and that his charges were reasonable.

Following the close of plaintiff's proofs, defendant moved for a partial directed verdict, arguing that plaintiff failed to provide evidence that plaintiff's unpaid medical bills, except Dr. Robertson's, were attributable to reasonably necessary treatment and that the charges were reasonable. The trial court took defendant's motion under advisement and, after the jury returned its verdict, the trial court denied the motion. Subsequently, defendant filed a timely motion for judgment notwithstanding the verdict, alleging that, as a matter of law, plaintiff did not present sufficient evidence that the treatment by Dr. Hubers and Dr. Roodbeen was reasonably necessary or that the expenses were reasonable, in order to submit the case to the jury. In the alternative, defendant

---

[3] Dr. Hubers and Dr. Roodbeen testified by deposition.

requested a new trial because the verdict was against the great weight of the evidence in light of plaintiff's failure to produce evidence on these elements of his claim. The trial court denied defendant's motions in their entirety, and defendant now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decisions on a motion for a directed verdict and a motion for judgment notwithstanding the verdict. *Wilkinson v Lee*, 463 Mich 388, 391; 617 NW2d 305 (2000). We review the evidence and all legitimate inferences arising from the evidence in the light most favorable to the nonmoving party to determine whether the evidence fails to establish a claim as a matter of law. *Id.*

## III. ANALYSIS

Defendant contends on appeal that the trial court erred in denying its motions for a directed verdict and judgment notwithstanding the verdict, arguing that plaintiff failed to introduce evidence that the medical bills incurred in the treatment by Dr. Hubers and Dr. Roodbeen were both reasonable in amount and reasonably necessary to plaintiff's care, recovery, or rehabilitation. See MCL 500.3107.[4] We disagree.

---

[4] MCL 500.3107 states, in part:

(1) Except as provided in subsection (2), personal protection insurance benefits are payable for the following:

(a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation.

In *Nasser v Auto Club Ins Ass'n,* 435 Mich 33, 50; 457 NW2d 637 (1990), the Court reiterated that whether an expense is "allowable" under MCL 500.3107 depends on whether (1) the charge is reasonable, (2) the expense is reasonably necessary, and (3) the expense is incurred. "[I]t is each particular expense that must be both reasonable and necessary." *Nasser, supra* at 50. "Where a plaintiff is unable to show that a particular, reasonable expense has been incurred for a reasonably necessary product and service, there can be no finding of a breach of the insurer's duty to pay that expense, and thus no finding of liability with regard to that expense." *Id.*

Whether expenses are reasonable and reasonably necessary is generally a question of fact to be resolved by the jury. *Id.* at 55, citing *Nelson v DAIIE,* 137 Mich App 226, 231; 359 NW2d 536 (1984), and *Kondratek v Auto Club Ins Ass'n,* 163 Mich App 634, 637; 414 NW2d 903 (1987). In determining damages for allowable expenses, the jury must not be allowed to speculate concerning the cost of a particular procedure or service, and a trial court should grant a motion for judgment notwithstanding the verdict if the jury was permitted to engage in such speculation. *Attard v Citizens Ins Co of America,* 237 Mich App 311, 321-322; 602 NW2d 633 (1999).

At its core, defendant's claim is that a plaintiff in an action under MCL 500.3107 must offer *direct* evidence from the treating physician that the expenses incurred were both reasonable and reasonably necessary in order for the plaintiff to prevail. We find no such requirement within the language of the statute, and we cannot find, and defendant does not cite, any binding precedent in this regard. Rather, as with any

civil case, the jury is entitled to consider all the evidence introduced by the plaintiff to decide whether the plaintiff has proved by a preponderance of the evidence that the expenses were reasonable and necessary. M Civ JI 3.09. Thus, direct and circumstantial evidence, and permissible inferences therefrom, may be considered by the jury to determine whether there is sufficient proof that the expenses were both reasonable and necessary. See, e.g., *Mull v Equitable Life Assurance Society of the United States*, 196 Mich App 411, 421; 493 NW2d 447 (1992); M Civ JI 3.10.

While plaintiff did not provide direct testimony from two of his doctors that each and every expense was reasonable and necessary, we conclude that plaintiff did provide evidence sufficient in this regard to survive defendant's motion for a directed verdict and motion for judgment notwithstanding the verdict. As stated above, Dr. Robertson testified that the care he rendered was reasonably necessary and related to the automobile accident and that his fees were reasonable. Defendant admits that this evidence was sufficient for the jury to decide whether Dr. Robertson's bills were allowable expenses under the no-fault act. We find that Dr. Robertson's testimony also supports a legitimate inference that Dr. Hubers' and Dr. Roodbeen's charges and treatment were also reasonable and necessary. Dr. Robertson's testimony that he, Dr. Hubers, and Dr. Roodbeen each reached the same diagnoses permitted the jury to reasonably infer that Dr. Hubers' and Dr. Roodbeen's treatment was necessary and related to the accident.

Moreover, in this case, plaintiff provided the jury with itemized bills for every expense, unlike the plaintiff in *Attard* who asked the jury to "fill in," if it could,

what it believed would be the cost of certain expenses, including a health-club membership. *Attard, supra* at 322. The jury was able to scrutinize each expense during its deliberations and compare Dr. Robertson's bills, which he described as reflecting reasonable charges, to the bills of Dr. Hubers and Dr. Roodbeen to determine whether the expenses reflected therein were also reasonable. On the basis of this evidence, we cannot state that plaintiff failed to sustain his claim as a matter of law. Therefore, the trial court properly denied defendant's motions for a directed verdict and judgment notwithstanding the verdict.

Affirmed.