*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD FRANCIS MCPHILMY,

Plaintiff-Appellant,

v

HUNTER ANTHONY MICHALIK,
BROOKE DIANE BELANGER, and
STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY,

Defendant-Appellees.

UNPUBLISHED
October 17, 2019

No. 344385
Genesee Circuit Court
LC No. 17-108379-NI

Before: REDFORD, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

In this action for outstanding personal protection insurance (PIP) benefits under Michigan's no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals as of right the order granting summary disposition in favor of defendant State Auto Property & Casualty Insurance Company under MCR 2.116(C)(10).[1] We reverse and remand for further proceedings consistent with this opinion.

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff, a self-employed residential painter, was injured in an automobile accident on July 2, 2015, and sustained a pinched nerve in his neck, four bulging discs in his lower back, and numbness in his right hand. Several medical providers, including physical therapy and pain management providers, treated plaintiff. At the time of the accident, plaintiff had medical insurance through Molina Healthcare of Michigan, a state Medicaid insurer. Plaintiff filed this

---

[1] Plaintiff named State Auto in a first-party claim as well as additional defendants in a third-party claim. The third-party claim has been settled, and only the claim against defendant State Auto is at issue in this appeal.

-1-

action on January 6, 2017, seeking unpaid medical expenses, as well as replacement care benefits and work loss benefits.[2]

Throughout the lower court proceedings, defendant had requested documentation of plaintiff's medical bills incurred as a result of the accident, as well as documentation to support his work loss claim. Defendant maintained that plaintiff failed to provide such documentation, resulting in defendant filing a motion to compel discovery. Plaintiff stipulated to the order to compel, yet failed to provide the requested documentation. Plaintiff indicated that he was still in the process of obtaining documentation and outstanding bills from his medical providers, and would supplement his responses. However, plaintiff did provide defendant with his tax returns from 2014 and 2015. These returns included the IRS Form 1040 and Schedule C, which detailed plaintiff's business revenue, gross profits, expenses, and net profits.

At the close of discovery, defendant filed a motion for summary disposition, arguing that plaintiff had failed to provide documentation of his claimed unpaid expenses. In response to defendant's motion for summary disposition, plaintiff sent defendant various documents, including tax returns, medical bills, a disability certificate, and an affidavit from plaintiff's wife, who acted as his caregiver, detailing the services she had provided. In the affidavit, plaintiff's wife averred that plaintiff had agreed to pay her $20 per day for "replacement" services. Plaintiff attached these same documents to his response to defendant's motion for summary disposition. Plaintiff also attached to his response medical bills, that showed an outstanding amount of $1,000 owed to a Dr. Devenderjit Bhangu, and a Medicaid lien from Molina Healthcare of Michigan in the amount of $1,647.01.

The trial court granted summary disposition in favor of defendant, concluding that no evidence of work loss was produced, as plaintiff's income tax returns did not establish work loss, and that "[m]edical services and transportation ha[d] not been documented to the Defendant within the appropriate time with discovery having been cut off in January[.]" Further, the trial court determined that the replacement services claimed were not for "heavy work," as was required by plaintiff's disability certificate. Accordingly, the trial court granted summary disposition under MCR 2.116(C)(10). This appeal followed.

## II. STANDARD OF REVIEW

We review the trial court's decision on a motion for summary disposition de novo. *Sabbagh v Hamilton Psychological Services, PLC*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 343204); slip op at 4. Summary disposition under MCR 2.116(C)(10) is appropriate where "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *George v Allstate Ins Co*, ___ Mich App

---

[2] Plaintiff also made a claim for attendant care benefits, however that claim was abandoned in the trial court.

___, ___; ___ NW2d ___ (2019) (Docket No. 341876); slip op at 5 (quotation marks and citations omitted). When reviewing a summary disposition motion brought under MCR 2.116(C)(10), the "trial court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id*.; slip op at 5. Reasonable inferences are drawn in favor of the nonmoving party. *Id*.; slip op at 5. "This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008).

## III. ANALYSIS

Plaintiff argues on appeal that the trial court erroneously granted summary disposition where a genuine issues of material fact remained regarding his claims for outstanding medical costs, work loss, and replacement services.

Plaintiff's claims are for no-fault benefits under the prior version of MCL 500.3101(2), which was amended by 2019 PA 21, and provided that "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance. . . ." See also MCL 500.3107. An insurer is liable for claimed benefits that are "causally connected to the accidental bodily injury arising out of an automobile accident." *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 531; 697 NW2d 895 (2005). "Allowable expenses" include coverage for "reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1) (unamended by 2019 PA 21).[3]

The plaintiff bears the burden of proving, by a preponderance of the evidence, whether expenses were reasonable and necessary. *Douglas v Allstate Ins Co*, 492 Mich 241, 269; 821 NW2d 472 (2012). This is generally a question of fact for a jury. *Kallabat v State Farm Mut Auto Ins Co*, 256 Mich App 146, 151; 662 NW2d 97 (2003). "This evidentiary requirement is most easily satisfied when an insured or caregiver submits itemized statements, bills, contracts, or logs listing the nature of services provided with sufficient detail for the insurer to determine whether they are compensable." *Douglas*, 492 Mich at 269. However, a plaintiff is not required to offer "direct" evidence that an expense was reasonably necessary; "circumstantial evidence, and permissible inferences therefrom, may be considered by the jury to determine whether there is sufficient proof that the expenses were both reasonable and necessary." *Kallabat*, 256 Mich App at 152. Because an insurer's liability is limited to expenses that were actually incurred, "an insurer 'is not obliged to pay any amount except upon submission of evidence that services were *actually rendered* and of the *actual cost expended*.' " *Douglas*, 492 Mich at 266-267 (citation omitted) (emphasis in original).

A moving party must support its motion for summary disposition with evidence. MCR 2.116(G)(3); *Quinto v Cross and Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). If the nonmoving party has the burden of proof at trial, the moving party may satisfy its initial burden

---

[3] The amended version is the same but subject to exceptions.

of production either by "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim," or by "demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto*, 451 Mich at 362, quoting *Celotex v Catrett*, 477 US 317, 331; 106 S Ct 2548; 91 L Ed 2d 265 (1986). If the moving party properly supports its motion for summary disposition, the burden "then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 370; 775 NW2d 618 (2009), quoting *Quinto*, 451 Mich. at 362.

"The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). The supporting documents filed by the parties "*must* be considered by the court when the motion is based on subrule (C)[](10)." MCR 2.116(G)(5) (emphasis added)). "However, although the evidence must be substantively admissible, it does not have to be in admissible form." *Barnard Mfg Co*, 285 Mich App at 373. As long as there is a "plausible basis for the admission" of the evidence, the trial court must consider it. *Id.*, citing *Maiden*, 461 Mich at 125 n 8.

At the time defendant filed its motion for summary disposition, it had not yet received sufficient documentation to support plaintiff's claim for outstanding costs related to his accident. By demonstrating that plaintiff had failed to support his claim for outstanding costs under the no-fault act, defendant satisfied its burden demonstrating that plaintiff could not establish an essential element of his claims, i.e., showing by a preponderance of the evidence that his expenses were reasonable and necessary. *Douglas*, 492 Mich at 269; *Quinto*, 451 Mich at 362. This is not the end of the analysis, however. This merely shifted the burden to plaintiff to establish a genuine issue of material fact. *Barnard Mfg Co*, 285 Mich App at 370.

In his response to defendant's motion, plaintiff attached documentation to support his claims. Regarding medical costs, plaintiff attached documentation of $1,000 owed to Dr. Bhangu and $1,647.01 owed to Molina. At the hearing, defendant conceded that the $1,000 might be in dispute. Also, although defense counsel argued that "there's no documentation that anything represented in [the Molina] lien letter was related to this particular medical case," a ledger accompanying the October 3, 2017 lien letter indicates that plaintiff received services from September 1, 2015 to August 2, 2017 for diagnoses including "Person Inj In Unsp Motor-Vehicle Acc Traf Init." Moreover, although both the trial court and defendant stated at the hearing that they had not received evidence of the Molina amount, this document was clearly attached to plaintiff's response, and plaintiff's response, based on the Register of Actions and timestamp on the document itself, was filed on February 13, 2018, seven days before the hearing. As a result, the trial court granted summary disposition under the mistaken belief that plaintiff had not provided evidence as he was required to do. Additionally, plaintiff testified at deposition that his injuries were a result of the accident, and he submitted an "Attending Physician's Report" indicating that his injuries were indeed directly caused by the accident. A jury, reviewing the facts and making reasonable inferences, could reasonably conclude that plaintiff had shown by a preponderance of the evidence that he had incurred reasonably necessary medical expenses still owed to Bhangu and Molina. Because a genuine question of material fact regarding reimbursement of plaintiff's medical expenses remained, summary disposition on that basis was improper.

Regarding work loss, under MCL 500.3107(1)(b), a no-fault claimant is entitled to work-loss benefits to recover the "loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he or she had not been injured." "[C]laimants bear the burden of proving the amount they would have earned had they not been injured," *Anton v State Farm Mut Auto Ins Co*, 238 Mich App 673, 684; 607 NW2d 123 (1999), by a preponderance of the evidence, *Hannay v Dep't of Transp*, 497 Mich 45, 86-87; 860 NW2d 67 (2014). Work-loss benefits do not cover loss of earning capacity. *Hannay*, 497 Mich at 80-81. In other words, a claimant must demonstrate what he *would* have earned "but for" the accident, not what he *could* have earned. *Id*. at 81. However, "when the evidence presented demonstrates that the wages at issue were inevitable but for the accident, a damages award based on such wages will not be barred as a matter of law on grounds of being contingent and speculative." *Id*. at 85.

"Because work-loss damages are intended to replace the income a person would have received but for the accident, *prior* wages generally are the most relevant and reliable evidence for determining what a plaintiff actually would have earned had the accident not occurred." *Id*. at 82 (emphasis in original). However, work loss under the statute is not limited only to "wages" from an employer; the statute also covers "lost profit which is attributable to personal effort and self-employment." *Moghis v Citizens Ins Co of America*, 187 Mich App 245, 250; 466 NW2d 290 (1990). Because the purpose of the no-fault act is to "place individuals in the same, but no better, position that they were before their automobile accident," when a claimant is self-employed, actual net income loss is calculated by deducting certain business expenses from gross income. *Adams v Auto Club Ins Ass'n*, 154 Mich App 186, 193; 397 NW2d 162 (1986).

As evidence of work loss, plaintiff submitted IRS 1040 income tax forms, with the accompanying Schedule C forms, that demonstrated his lost profit by highlighting his net income loss resulting from the accident. According to these forms, defendant and his wife's joint income included $3,363 of business income in 2014, $46 of business income in 2015, and $183 of business income in 2016. We conclude that plaintiff's Schedule C forms for 2014 and 2015 provide a sufficient basis from which a trier of fact could reasonably determine plaintiff's work loss in a manner that avoids being too contingent and speculative. The forms showed specifically detailed expenses and which expenses should be considered when calculating work-loss benefits is a question for the trier of fact. See *Adams*, 154 Mich App at 194. This evidence, when considered in the light most favorable to the non-moving party, was enough to support plaintiff's wage loss claim.

Regarding replacement services, we note that recoverable replacement services do not include "ordinary and necessary" household services, such as yard, house and car maintenance, that are not for the injured person's "care." *Douglas v Allstate Ins Co*, 492 Mich 241, 261-262; 821 NW2d 472 (2012); see also *Meemic Ins Co v Forston*, 324 Mich App 467, 474; 922 NW2d 467 (2018), lv gtd 503 Mich 1031 (2019). Here, plaintiff's response to defendant's motion for summary disposition included an affidavit from his wife indicating that plaintiff agreed to pay her $20 per day for replacement services. In her affidavit, plaintiff's wife listed the following replacement services: preparing meals, doing laundry, cleaning house, washing windows, grocery shopping, lifting and carrying groceries, driving, gardening, mowing the lawn, taking out the garbage, shoveling snow, household repairs, anything requiring bending or lifting, washing

the car, and caring for pets. Since these services were not for plaintiff's care, the cost allegedly incurred in providing them was not recoverable.

Finally, defendant raises for the first time on appeal an argument concerning the one-year-back rule. The one-year-back rule "places a limitation on the amount of damages a claimant is entitled to recover," *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 216; 815 NW2d 412 (2012), and a claimant "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced," MCL 500.3145(2). The one-year-back rule is an affirmative defense and "must be raised in a party's responsive pleading, either as originally filed or as amended." MCR 2.111(F)(3). An affirmative defense not raised in accordance with court rules is generally deemed to be waived. *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312, 503 NW2d 758, 760 (1993).

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Kathleen Jansen
/s/ Anica Letica