*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CLAIMS MANAGEMENT CONSULTANTS OF
MICHIGAN, LLC, doing business as CARE
MICHIGAN, LLC,

UNPUBLISHED
December 18, 2025
9:28 AM

Plaintiff-Appellant,

v

No. 374187
Macomb Circuit Court
LC No. 2023-003055-NF

AUTO CLUB INSURANCE ASSOCIATION,

Defendant-Appellee.

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right the opinion and order granting defendant's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTUAL BACKGROUND

This case arises out of a dispute over the reasonableness of charges billed by plaintiff for the attendant-care services that it provided to defendant's insured, Kathleen Naiman. Naiman was involved in a car crash in January 2009, which left her permanently disabled and in need of ongoing care. Plaintiff is a company owned and operated by Marcus Murray and his wife. Plaintiff provided Naiman's attendant-care services from August 29, 2022 through June 30, 2024. For that period, plaintiff charged defendant $58.80 per hour and sought reimbursement of personal protection insurance (PIP) benefits from defendant. Defendant refused to pay the full $58.80 per hour, instead limiting payment to $28 per hour.

Plaintiff sued defendant pursuant to MCL 500.3107(a)(1) of the no-fault act, MCL 500.3101 *et seq.*, alleging that defendant owed an outstanding balance of $345.598.18 in fees for Naiman's attendant-care services. Murray testified at his deposition that, rather than factor

in the rates charged by other home healthcare providers, he instead "set a rate I felt was fair."[1] Murray further testified that the hourly $58.80 rate he charged Naiman reflected a base hourly rate of $18 to $20 for caregivers, a "time and attendance bonus" of $2.25 to $2.48 paid to employees "just for showing up at work, not calling off," an employer-matched 401(k) program, employee health insurance, travel assistance, a "shift coverage bonus" for on-call employees, and various tax, insurance, and unemployment contributions, among other items.

When asked whether his company turned a profit, Murray claimed that he did not know. When asked whether he had ever calculated his profit margin, Murray answered that he had not, explaining that "it is very difficult to realize a profit in the absence of receivables." Murray explained that analyzing profits can be difficult for home healthcare providers because insurance carriers like defendant "can delay the payment, they can cut the payment, [and] they can partial pay it." Even so, Murray testified that there had never been a time when he and his wife could not make payroll for themselves.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff failed to meet its burden to show that an hourly rate of $58.80 for attendant-care services was a "reasonable rate" as required by MCL 500.3107(1)(a). Defendant pointed out that Murray testified that he had never conducted a market survey to determine if his company's rates were reasonable and offered no testimony about profit margins or the company's general profitability. Defendant contended that, without concrete evidence of reasonableness, a jury would need to rely on impermissible speculation and conjecture in order to rule in plaintiff's favor.

Plaintiff responded that Murray gave "a laundry list of reasons" indicating that the $58.80 hourly rate for attendant-care services was reasonable. Plaintiff maintained that, although the provider bears the burden of proof to demonstrate the reasonableness of its charges, the trier of fact ultimately decides what constitutes a reasonable charge. Plaintiff argued that, according to Murray's deposition testimony, the rate charged to clients was based on actual business costs, not speculation or conjecture. Plaintiff thus asked that the trial court deny defendant's motion for summary disposition.

The trial court granted defendant's motion. In a written opinion and order, the trial court explained that it found Murray's testimony insufficient to establish reasonableness. The court observed that plaintiff provided no breakdown showing how various services and factors added up to the $58.80 rate, as well as no information explaining why it was charging double what defendant was willing to offer as reimbursement for attendant-care services. The court further found that plaintiff provided no justification for including overhead expenses in the hourly rate and no comparison to competitor rates. Finally, the court found that the primary cost of employee wages was between $14 and $19 per hour, leaving approximately $40 per hour unexplained.

---

[1] The lower court record contains only excerpts from Murray's deposition transcript as exhibits attached to the summary disposition briefing. Plaintiff attached Murray's complete deposition transcript as an exhibit to its appellate brief, but "a party may not expand the record on appeal." *Detroit Leasing Co v Detroit*, 269 Mich App 233, 237; 713 NW2d 269 (2005). Our review of Murray's deposition transcript is thus limited to the excerpts that appear in the lower court file.

Accordingly, the court concluded that no genuine issue of material fact existed to support plaintiff's claim that its attendant-care rates were reasonable. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition because a genuine issue of material fact existed regarding the reasonableness of plaintiff's charges for attendant-care services. We disagree.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). In ruling on a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. A (C)(10) motion "may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

MCL 500.3107(1)(a) provides that PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." Attendant-care benefits are considered an "allowable expense" for purposes of the no-fault act. *Douglas v Allstate Ins Co*, 492 Mich 241, 259-264; 821 NW2d 472 (2012). MCL 500.3107(1) does not define swhat constitutes a "reasonable charge" for such services. However, this Court and our Supreme Court have explained that determining the reasonableness of charges is a fact-specific inquiry, which requires evidence of the actual costs incurred and whether the charges align with marketplace rates. *Douglas*, 495 Mich at 259-276; *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 451-454; 814 NW2d 670 (2012); *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 333 Mich App 457, 503; 960 NW2d 186 (2020). Providers bear the burden of demonstrating by a preponderance of the evidence that their charges are reasonable and necessary. *Bronson*, 295 Mich App at at 446, 449. Generally, "the determination of what is a reasonable charge is for the trier of fact." *Id*. at 448. However, a court may decide the question of the reasonableness as a matter of law in a motion for summary disposition "if it could be said with certainty that an expense was both reasonable and necessary." *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 55; 457 NW2d 637 (1990) (quotation marks and citation omitted).

Here, plaintiff pointed to a number of costs that no doubt had some bearing on the $58.80 per hour rate charged to clients for attendant-care services. However, plaintiff's burden was to show why $58.80 was a reasonable rate to charge for Naiman's attendant-care services in particular. Plaintiff has not done so, instead electing to rely solely on Murray's deposition testimony regarding the rates that plaintiff charges its clients in general, which lacked supporting documentation or evidence to substantiate the reasonableness of the $58.80 hourly rate charged for attendant care services. See MCR 2.116(G)(4). Murray admitted that the charged rate was not based on market comparisons or profit margin calculations, and was instead determined subjectively as a "fair" rate. "A medical provider's typical price cannot be deemed reasonable unless it reflects an amount that is actually being charged in the marketplace[.]" *Spectrum Health*

*Hosps*, 333 Mich App at 502. Murray's testimony, without corroborating evidence, does not meet the evidentiary standard required to create a genuine issue of material fact as to the reasonableness of plaintiff's rate for attendant-care services. "Where a plaintiff is unable to show that a particular, reasonable expense has been incurred for a reasonably necessary product and service, there can be no finding of a breach of the insurer's duty to pay that expense, and thus no finding of liability with regard to that expense." *Kallabat v State Farm Mut Auto Ins Co*, 256 Mich App 146, 151; 662 NW2d 97 (2003) (quotation marks and citation omitted). Accordingly, the trial court did not err by granting defendant's motion for summary disposition.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick